# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| STEPHEN DOUGLAS McCASKILL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 13 C 3167 |
| DR. RABIN, et al., | ) | Hon. Rebecca R. Pallmeyer |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Douglas McCaskill, a pretrial detainee at the Cook County Jail, has brought more than a dozen lawsuits pursuant to 42 U.S.C. § 1983, challenging the conditions of his confinement at Cook County. In this lawsuit, Plaintiff alleges that Defendants, two dentists employed by Cermak Health Services of Cook County, were deliberately indifferent to his dental needs following the extraction of one of his wisdom teeth. Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), and have served Plaintiff with the notice called for by our Local Rule 56.2, explaining the requirements for responding to the motion and the consequences of failure to do so properly. As explained below, the motion is granted.

## BACKGROUND

This court's Local Rule 56.1 sets forth the procedures for moving for summary judgment and for responding to such a motion. Defendants' motion for summary judgment is properly supported by a statement of facts citing relevant portions of the record. Plaintiff responded to the motion with a memorandum in opposition to the motion [41] and a response to certain of the movants' statement of material facts [42]. Because Plaintiff failed to make specific references to record materials in support of his opposition to those statements he did respond to, the court accepts the assertions in Defendants' statements as true to the extent that the facts are supported in the record. *See* L.R. 56.1(b)(3)(C); *Apex Digital, Inc. v. Sears*, Roebuck & Co., 735 F.3d 962, 965 (7th Cir. 2013); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).

The court is not required to scour the record looking for factual disputes nor expected to manufacture Plaintiff's arguments for him. *See Diadenko v. Folino*, 741 F.3d 751, 757 (7th Cir. 2013); *see also Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989). Plaintiff's failure to comply with Local Rule 56.1, however, does not result in an automatic grant of summary judgment in favor of Defendants. Instead, the court still must evaluate all facts in the light most favorable to him, the non-moving party. *See* FED. R. CIV, P. 56(e)(2); *Keeton*, 667 F.3d at 884.

### FACTS

Plaintiff Stephen Douglas McCaskill was a pretrial detainee at Cook County Jail during the relevant time period. (Defs.' 56.1 Stmt. [36] ¶ 1.) Dr. Rabin and Dr. Liu are dentists for Cermak Health Services of Cook County, whose duties include examining, testing, diagnosing, and treating dental issues of detainees, including tooth extractions. (*Id.* ¶¶ 2-4.)

Dr. Rabin first examined Plaintiff on January 4, 2013, and observed that Plaintiff was already missing three of his four wisdom teeth and two non-wisdom-tooth molars. (*Id.* ¶ 16.) Dr. Rabin also noted that Plaintiff's remaining wisdom tooth (upper right) had irreversible pulpitis and needed to be extracted. (*Id.* ¶ 17.) Dr. Rabin prescribed an antibiotic and Motrin and asked scheduling staff to have Plaintiff return to the clinic in one week. (*Id.* ¶ 18.) Dr. Rabin treated Plaintiff two more times in January 2013, and continued the prescriptions for the antibiotic and Motrin. (*Id.* ¶¶ 19-20.)

On February 5, 2013, after both Plaintiff and Dr. Rabin signed a consent form that describes the risks from the procedure, Dr. Rabin extracted Plaintiff's remaining wisdom tooth. (*Id.* ¶¶ 21, 23.) Dr. Rabin did not observe anything during the procedure that would suggest that the extraction was out of the ordinary. (*Id.* ¶ 23.) Following the extraction, Dr. Rabin again prescribed an antibiotic and Motrin and put in an order for Plaintiff to return to the clinic in one week. (*Id.* ¶ 24.) Dr. Rabin, who has completed between 500-600 tooth extractions in his 25 years of dental practice, believes that extraction of the upper right wisdom tooth presents minimal difficulty or complications. (*Id.* ¶ 22.)

On February 19, 2013, Dr. Rabin again examined Plaintiff and gave him instructions regarding the prescription he was taking and ordered that he return to the clinic in one week to re-evaluate stiffness in Plaintiff's jaw. (*Id.* ¶ 25.) Dr. Rabin did not observe any infection or swelling at the extraction site at this time. (*Id.* ¶ 26.)

Dr. Liu examined Plaintiff on March 1, 2013, for his complaint that he could not open his mouth as wide as he could before the surgery. (*Id.* ¶ 27.) Dr. Liu did not observe any swelling at the extraction site, but he prescribed a prescription-strength oral rinse to treat gingivitis, an antibiotic, and a pain reliever. (*Id.* ¶¶ 28-29.) Considering his own observations, Plaintiff's complaints and past medical history, and the objective findings, Dr. Liu concluded it was not medically necessary to prescribe anything else at that time. (*Id.* ¶ 30.)

On March 5, 2013, Plaintiff submitted a Health Service Request Form, noting that his pain medication had run out the previous day. (*Id.* ¶ 31.) Dr. Rabin examined Plaintiff the following day, wrote a refill for the prescription pain medication, and referred Plaintiff to an oral surgeon at John Stroger Hospital. (*Id.* ¶ 32.) (The court takes judicial notice that Plaintiff's concerns regarding that later surgery are the subject of another lawsuit, Case No. 14 C 3149.) Dr. Rabin provided no further treatment of Plaintiff. (*Id.* ¶ 33.) In his 25 years of dental experience, both in the institutional and private setting, Dr. Rabin has rarely prescribed anything beyond ibuprofen for a tooth extraction. (*Id.* ¶ 34.) Based on his observations of Plaintiff, Plaintiff's subjective complaints and past medical history, and the objective findings, Dr. Rabin did not believe it was medically necessary to prescribe Plaintiff anything beyond a pain reliever and antibiotic. (*Id.* ¶ 35.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). On summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## ANALYSIS

Pretrial detainees have a right to adequate medical treatment under the Fourteenth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Claims of deliberate indifference to a serious medical need of a pretrial detainee under the Fourteenth Amendment are governed by the same standards that apply to a claim of deliberate indifference under the Eighth Amendment. *See Williams*, 509 F.3d at 401.

Those standards do not require that prisoners receive "'unqualified access to health care.'" *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006), *quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992). They are instead entitled only to "adequate medical care." *Boyce v. Moore*, 314 F.3d 884, 888-89 (7th Cir. 2002); *see also Forbes v. Edgar*, 112 F.3d at 262, 267 (7th Cir. 1997) (a prisoner is entitled neither to "demand specific care" nor to receive "the best care possible," but is "entitled to reasonable measures to meet a substantial risk of serious harm to her."). A showing of deliberate indifference in the medical context has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the correctional official or health care provider must be subjectively aware of and consciously disregard the medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 829 (7th Cir. 2009).

4

The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). Medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference. *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006), *citing Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 592 (7th Cir. 1999). In evaluating a deliberate indifference claim, the medical professional's assertions concerning the need for care are not dispositive; "a trier of fact can conclude that the professional knew of the need from evidence that the serious medical need was obvious." *Johnson*, 433 F.3d at 1013, *quoting Collignon v. Milwaukee Cty.*, 163 F.3d 982, 989 (7th Cir. 1998); *see also Steele v. Choi*, 82 F.3d 175, 179 (7th Cir. 1996) (where the need for care is obvious—for example, a broken leg or inability to breathe—failure to provide care is actionable). But a medical professional's erroneous treatment decision constitutes deliberate indifference only "if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *See Collignon*, 163 F.3d at 989; *see also Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996) (a health care provider may be liable where his treatment decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment). To establish deliberate indifference based on a physician's treatment decision, plaintiff must show that the decision was "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment." *Norfleet*, 439 F.3d at 396.

Under these standards, the court concludes that no reasonable trier of fact could find that either Dr. Rabin or Dr. Liu acted with deliberate indifference to Plaintiff's need for dental care concerning his remaining wisdom tooth. Dr. Rabin first treated Plaintiff on January 4, 2013. He recognized the need for the tooth to be extracted and prescribed pain medication and an

antibiotic. On two other occasions before the extraction, Dr. Rabin again saw Plaintiff and prescribed further pain medication and an antibiotic. Then on February 5, 2013, Dr. Rabin extracted the tooth without incident, again prescribed an antibiotic and pain medication, and arranged for Plaintiff to return for a follow-up visit. When he again examined Plaintiff on February 19, 2013, Dr. Rabin observed no infection or swelling at the extraction site.

Dr. Liu examined Plaintiff for his next follow-up on March 1, 2013. While Plaintiff complained that he could not open his mouth as wide as before the surgery, Dr. Liu did not observe any swelling at the extraction site. Dr. Liu prescribed a prescription strength oral rinse to treat gingivitis, an antibiotic, and a pain reliever, but concluded that no other treatments or medications were necessary. When Dr. Rabin again examined Plaintiff a week later, he renewed his pain medication prescription and this time referred Plaintiff to an oral surgeon at John Stroger Hospital. Neither Defendant provided any further treatment of Plaintiff; as noted, the care Plaintiff received at Stroger is the subject of a separate lawsuit.

Nothing about this record suggests that either of the Defendants in this case was deliberately indifferent to Plaintiff's medical or dental needs. The totality of care Plaintiff received includes a tooth extraction without incident and follow-up visits that did not show any signs of infection or swelling and the prescribing of medication for pain and to avoid infection. While Plaintiff argues that he continues to have issues with his jaw/mouth, he fails to specify any failure to treat or diagnose by either of the medical professionals named as Defendants here. In fact, the medical reports that he attaches to his response regarding further treatment do not reflect any issues regarding the extracted tooth. Plaintiff has failed to demonstrate a genuine issue of material fact on his claim that Defendants acted with deliberate indifference. Because no reasonable trier of fact could find that Dr. Rabin or Dr. Liu acted with deliberate indifference to the Plaintiff's serious medical needs, their motion for summary judgment is granted.

If Plaintiff wishes to appeal this final judgment, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to

appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998).

## CONCLUSION

Defendants' motion for summary judgment [35] is granted. The Clerk of Court is directed to enter judgment in favor of Dr. Rabin and Dr. Liu pursuant to FED. R. CIV. P. 56. This case is closed.

Dated: December 30, 2014

*[signature]*

United States District Judge